```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                         CENTRAL DIVISION
                           (at Lexington)
```

| | | |
|---|---|---|
| LORD VINCENT SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 19-412-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant FedEx Ground Package System, Inc. ("FedEx") has filed a motion to dismiss Plaintiff Lord Scott's Complaint or, in the alternative, summary judgment regarding the claim asserted against it. [Record No. 4] In support, FedEx contends that Scott's wrongful discharge claim is barred by the applicable statute of limitations. *Id.* Plaintiff Scott has not responded to the motion.

As noted by Local Rule 7.1(c), "[u]nless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion. Failure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c). Scott was served with the motion on October 14, 2019, making November 4, 2019 the final day that he could file a timely response to FedEx's motion. Nevertheless, the Court has reviewed the merits of the FedEx's motion and finds that it is entitled to the relief sought. Scott clearly missed an earlier, more significant deadline when he failed to commence this action within the applicable limitations period. As a result, the Court will enter summary judgment in favor of FedEx.

## I.

Scott began working as a package handler for FedEx in March 2013. [Record Nos. 1-1, p. 1 ¶ 4 and 4-3, p. 2] He alleges that, on or about August 11, 2014, a coworker identified as "Lance," "jumped into the path upon which [Scott] was travelling in performance of his job duties and [Scott's] momentum pushed [Lance] out of the way . . . ." [Record No. 1-1, p. 2 ¶ 7] Scott contends that Lance then cursed at and threatened him. *Id.*

Lance reported the incident to a supervisor that day, resulting in Scott's termination. *Id.* at p. 2 ¶ 8-9. He allegedly had threatened Scott twice before, and supervisors had been forced to intervene on both occasions. *Id.* at p. 2 ¶ 10. But unlike Scott, Lance was not fired for his involvement in the August 11, 2014 incident. *Id.* at p. 2, ¶ 9.

Scott filed this action in Fayette Circuit Court on September 12, 2019. [Record No. 1-1] He asserts one ground for relief: wrongful discharge under the Kentucky Civil Rights Act ("KCRA"), KRS 344.010 *et seq*. *Id.* at p. 3 ¶ 2. Scott contends he was terminated due to his African American race while Lance, a Caucasian, remained employed at FedEx after the August 11, 2014, incident. *Id.* at p. 2, ¶ 12. FedEx removed the action to this Court on October 7, 2019. [Record No. 1]

FedEx filed the present motion to dismiss or, in the alternative, for summary judgment on October 14, 2014. [Record No. 4] It alleges that Scott's employment was formally terminated on August 28, 2014. [Record No. 4-1, p. 5] FedEx has filed an Employee Separation Form [Record No. 4-3] as well as a Kentucky Education and Workforce Development Cabinet Division of Unemployment Insurance notice of unemployment insurance benefits determination [Record No. 4-4], indicating that Scott's employment was

terminated on August 28, 2014. The company argues that the applicable limitations period expired on August 28, 2019, or five years after Scott's termination. [Record No. 4-1, p. 5]

**II.**

The Court reviews FedEx's motion under Rule 56 of the Federal Rules of Civil Procedure. This is because, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "Summary judgment is appropriate when no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law." *I.L. by and through Taylor v. Tenn. Dep't of Educ.*, 739 Fed. App'x 319, 321 (6th Cir. 2018) (citing Fed. R. Civ. P. 56(a)).

As the moving party, FedEx initially bears the burden of "pointing out" that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the movant meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *McLaughlin v. Fifth Third Bank, Inc.*, 772 F. App'x 300, 302 (6th Cir. 2019) (citing Fed. R. Civ. P. 56(e)). FedEx is entitled to summary judgment if Scott is unable to present such affirmative evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). The Court views all evidence in the light most favorable to Scott. *McLaughlin*, 772 F. App'x at 302 (citing *Anderson*, 477 U.S. at 252).

**III.**

Scott asserts a claim for wrongful discharge under the KCRA. KRS 413.120(2) states that a plaintiff must commence "[a]n action upon a liability created by statute, when no other time is fixed by the statute creating the liability. . ." within five years of the cause of action's

accrual. KRS 413.120(2). Under the KCRA, "[c]ivil rights claims are governed by the five-year statute of limitations provided in KRS 413.120(2)." *E.g.*, *Ammerman v. Bd. of Educ.*, 30 S.W.3d 793, 798 (Ky. 2000). A KCRA "action for discrimination or retaliation accrues on the date the act of discrimination or retaliation occurs." *Walker v. Commonwealth*, 503 S.W.3d 165, 172 (Ky. Ct. App. 2016) (citation omitted).

Scott's Complaint alleges that FedEx terminated his employment without firing Lance for his involvement in the August 11, 2014 incident. He contends that FedEx's action violated the KCRA because the company wrongfully discharged him based on his race. Therefore, the cause of action accrued, and the KRS 413.120(2) five-year limitations period began to run, when FedEx discharged Scott (*i.e.*, the date of the alleged discriminatory action that gave rise to this suit).

Scott filed the present lawsuit after the limitations period had expired. FedEx's Employee Separation Form and the Kentucky unemployment insurance benefits determination indicate that Scott was formally terminated and discharged on August 28, 2014. [Record Nos. 4-3 and 4-4] Scott had five years from August 28, 2014, to file suit but did not do so until September 12, 2019. Thus, the limitations period expired on the 2019 anniversary of the day FedEx terminated Scott's employment, or approximately two weeks prior to the commencement of this action.[1]

---

[1] Scott alleges in his Complaint that he was fired on the day of the incident with Lance (August 11, 2014). [Record No. 1-1, p. 2 ¶ 8] However, the FedEx Employee Separation Form states that his "last day worked" was actually August 12, 2014. [Record No. 4-3, p. 2] And, as noted above, records indicate his employment was formally terminated on August 28, 2014. [Record Nos. 4-3, p. 2 and 4-4,] August 28, 2014, therefore, is considered as the date of the discharge and thus the date relevant to the statute of limitations inquiry. This does not constitute a material issue of genuine fact because utilizing an earlier date would not affect the outcome of the legal issue presented.

Scott filed this action after the limitations period expired on August 28, 2019. Therefore, FedEx is entitled to judgment as a matter of law on the claim presented in his Complaint.

IV.

As a general matter, summary judgment may be premature when the nonmovant has not been afforded sufficient time for discovery. *See*, *e.g.*, *Minadeo v. ICI Paints, Inc.*, 398 F.3d 751, 761 (6th Cir. 2005). However, when a court treats a Rule 12(b)(6) or 12(c) motion as a Rule 56 motion pursuant to Rule 12(d), it may grant summary judgment provided that all parties have been "given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 504 (6th Cir. 2006).

Summary judgment is not premature in this case. Scott asserts one ground for relief, and FedEx has produced documents that plainly show the claim is barred by a statute of limitations. FedEx's motion accounted for a Rule 56 analysis as an alternative to Rule 12(b)(6), putting Scott on notice that the Court may enter summary judgment. Scott had an opportunity to respond and produce pertinent evidence and arguments demonstrating that he filed within the limitations period. But he has failed to respond in any regard. It is obvious that Scott's single claim is time-barred based on the evidence before the Court, and further discovery prolonging this litigation would be unwarranted.

V.

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant FedEx Ground Package System, Inc.'s motion for summary judgment [Record No. 4] is **GRANTED** and its motion to dismiss is **DENIED** as moot.

2. Summary judgment is entered in favor of Defendant FedEx Ground Package System, Inc. with respect to the claim presented in this civil action.

3. Plaintiff Scott's KCRA claim for wrongful discharge is **DISMISSED** with prejudice.

4. All claims having been resolved, this action will be **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: November 13, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky